# IN THE OREGON TAX COURT

## COX
*v.*
## DEPARTMENT OF REVENUE
(TC 2521)

Plaintiff appeared *pro se.*

Jerry Bronner, Assistant Attorney General, Department of Justice, Salem, represented defendant.

Decision for defendant rendered March 19, 1987.

**CARL N. BYERS, Judge.**

Plaintiff appeals from the Department of Revenue's Opinion and Order No. 85-1543 which denied plaintiff's claimed deduction for alimony paid during the 1980 tax year. The department held that the payments were not deductible because they were not made pursuant to a written separation agreement or court decree as required by IRC § 71.

The facts are as follows: Plaintiff and his wife separated in April 1979. In December 1979, wife filed a motion for temporary support. (Exhibit 1.) Apparently, as a result of this motion, lawyers for both parties commenced negotiating the

terms of a divorce settlement. On August 7, 1980, a pendente lite order was entered requiring plaintiff to pay spousal support. A decree was entered November 19, 1980, dissolving the marriage and approving the property settlement agreement entered into by the parties.

During 1980, plaintiff paid the following amounts to his ex-wife:

| January through July | $18,939 |
| August through November | 9,108 |
| December | 3,000 |

Because the payments made August through November were made under the pendente lite order of the court and the December payment was made by virtue of a written property settlement agreement, those amounts were allowed as alimony deductions. Only the payments made for the period January through July are in issue.

Plaintiff maintains that the payments in issue were made in accordance with an agreement he had with his ex-wife. The court is persuaded, however, that any agreement the parties had was only an oral agreement. Regrettably, it appears that plaintiff believed that his canceled checks were adequate proof of the agreement and payments. (Exhibit D.) Now realizing that the law requires a written agreement, plaintiff points to the correspondence between the lawyers as the necessary writing required by the statute. (Exhibit 2.) Even if an exchange of letters did qualify, plaintiff produced only one letter. That letter from the opposing attorney to plaintiff's attorney only mentions "our agreement." This could be an oral agreement, it could refer to a written agreement or it could be a misunderstanding. Plaintiff submitted no correspondence from his own attorney or any other writing indicating that the payments made January through July were made in accordance with a written agreement. Based on the evidence adduced, the court finds that plaintiff has failed to prove that the payments were made under a written agreement.

Needless to say, it is important that the statutes be complied with. It is worth emphasizing that the statute allowing the deduction, IRC § 215(a), allows the deduction of only those alimony payments which are includable in the gross

income of the other spouse under IRC § 71. IRC § 71(a) provides for the inclusion of alimony in the spouse's gross income in three instances: (1) When parties are divorced or legally separated under a divorce decree or separate maintenance agreement and payments are made under the decree or written agreement instant to a divorce or separation; (2) when the parties are separated and payments are made under a written separation agreement; and (3) when the parties are separated and payments are made under a decree requiring the one party to make payments to the other party's support.

Payments made pursuant to an oral separation agreement will not satisfy the requirements of the statute. The United States Tax Court in *Clark v. Commissioner*, 40 TC 57, 58-59 (1963), stated:

"The plain words of the statute (sec. 71(a)(2)) require that there be a 'written separation agreement executed after the date of the enactment of this title [Aug. 16, 1954],' as a condition precedent to deduction * * *. Petitioner's argument that his signature on the money orders sent * * * somehow suffice to constitute a written separation agreement must be rejected as being wholly without merit. Those instruments do not even contain an indication of the purposes for which they were drawn * * *. In Rev. Rul. 59-397, 1959-2 C.B. 32, the question was presented whether the correspondence between attorneys representing a husband and wife, which referred to an oral agreement wherein the husband agreed to pay his wife certain sums for her support but which did not contain any agreement by the parties that they would separate or live apart, constituted a 'written separation agreement' within the meaning of section 71(a)(2). The Internal Revenue Service ruled that it did not. * * *

"* * * * *

"The result herein may seem somewhat harsh, for we are fully satisfied that petitioner's payments to Marion fall within the spirit of section 71(a)(2). Nevertheless, Congress has prescribed the conditions under which the deduction for such payments is to be allowed, and one of those conditions is that there be a written separation agreement."

As an alternative argument, plaintiff contends that the stipulation pendente lite should be given retroactive effect. This determination would result in classifying the payments prior to the entry of the stipulation as alimony pursuant to a written agreement. However, this argument is not

countenanced by the statute. In *Wright v. Commissioner,* 62 TC 377 (1974), an oral stipulation in open court required the husband to pay alimony for 10 1/2 years. Four months later, the oral stipulation was reduced to writing in the form of a written judgment. The court held that the payments received by the wife after the entry of the written judgment would be included in her gross income. The husband was entitled to deduct only those amounts paid after the entry of the written judgment. The payments made prior to the entry of the written decree were not allowed to be deducted as alimony. The court held that adoption of a prior oral agreement will not be given retroactive effect. In a similar case, *H. Paul Baker,* 37 Tax Ct Mem Dec (CCH) 475 (1978), the decree dissolving the divorce was entered August 11, 1972. Although the order was silent as to the issue of alimony, the judge had orally directed the husband to make alimony payments. On his 1972 income tax return, petitioner claimed a deduction for $2,500 for alimony, all of which was paid pursuant to the judge's oral direction as opposed to the divorce decree. In denying the plaintiff's deduction, the court quoted *Daine v. Commissioner,* 9 TC 47, 52 (1947):

> "It is our conclusion that a decree of a state court, in so far as it attempts to determine retroactively the status of a husband or wife under section 23(u) and section 22(k) [now sections 215 and 71, respectively], is ineffective and not binding upon this Court. It is the function of this Court to determine such questions."

Based on the above, this court cannot give retroactive effect to the pendente lite order as requested by plaintiff. Defendant's Opinion and Order No. 85-1543 is hereby sustained. Defendant to recover its costs.